# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD HOLMAN, No. N06132, )
)
        Petitioner, )
)
vs. ) Case No. 18-cv-1195-DRH
)
TERI KENNEDY, )
)
        Respondent. )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner, currently incarcerated in the Pontiac Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his sentence. In this action, Petitioner challenges his natural life sentence stemming from his March 16, 1981 conviction for first-degree murder. (Doc. 1, pp. 8, 24). Petitioner was convicted of the murder, that he committed at age 17, after a jury trial in the Madison County Circuit Court, Case No. 80-CF-5; (Doc. 1, pp. 22, 24). Petitioner appealed from the judgment of conviction with the Appellate Court of Illinois, Fifth District in Case No. 81-177. *People v. Holman*, 115 Ill. App. 3d 60 (Ill. App. Ct. 1983). Petitioner did not raise the issues brought herein in his appeal. (Doc. 1, p. 8). Petitioner's conviction was affirmed on appeal on May 24, 1983. Petitioner then petitioned for leave to appeal to the Illinois Supreme Court, but his petition was denied. (Doc. 1, p. 3). He did not file a petition for *certiorari* with the United States Supreme Court. *Id.*

Petitioner filed two post-conviction petitions in 2001 in the Circuit Court of Madison County Illinois, which were dismissed. (Doc. 1, p. 11). He also filed a petition for relief in 2009 claiming his sentence was void because the judge erroneously sentenced him to a mandatory natural-life sentence, but this petition was also denied, and the denial was affirmed on appeal. *See People v. Holman*, 2011 IL App (5th) 090678-U.

In 2010, Petitioner filed a petition for leave to file a successive post-conviction petition. (Doc. 1, p. 11). In it, he raised several claims, including actual innocence. (Doc. 1, p. 28). His petition was denied, and on appeal, Petitioner abandoned his previous claims and instead argued that his life sentence was unconstitutional under *Roper v. Simmons*, 543 U.S. 551 (2005), *Graham v. Florida*, 560 U.S. 48 (2010), and, particularly, *Miller v. Alabama*, 567 U.S. 460 (2012). (Doc. 1, pp. 28-29). The appellate court rejected the *Miller* argument because Petitioner had not raised it before the trial court. (Doc. 1, p. 29); *People v. Holman*, 2012 IL App. (5th) 100587-U, ¶ 18. Petitioner appealed this decision. (Doc. 1, p. 29). The Illinois Supreme Court denied the petition but vacated the appellate court's initial decision, so it could consider whether the Illinois Supreme Court decision in *People v. Davis*, 2014 IL 115595 demanded a different result. (Doc. 1, p. 29); *People v. Holman*, No. 115597 (Jan. 28, 2015).

On remand, the appellate court reached the merits of Petitioner's *Miller* claim, but finding that the criminal trial court considered youth and its attendant characteristics before imposing a life sentence on Petitioner, rejected it and

affirmed the order of the trial court denying the petition for leave to file a successive post-conviction petition. (Doc. 1, p. 29); 2016 IL App (5th) 100587-B, ¶¶ 35-37, 46, 52, 53. Petitioner once again brought his claim to the Illinois Supreme Court, which granted him leave to appeal but affirmed the appellate court's judgment affirming the trial court's denial of Petitioner's motion for leave to file a successive post-conviction petition on September 21, 2017. Petitioner then filed the current action with this Court on June 4, 2018.

In his petition currently before the Court, Petitioner makes the following claim for relief: Petitioner's sentencing hearing, during which he was sentenced to life in prison without parole for a crime he committed at age 17, did not pass constitutional muster under *Miller v. Alabama*, 567 U.S. 460 (2012). Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, the Court shall order a response.

## Pending Motions

Petitioner's Motion for Recruitment of Counsel (Doc. 4) is **REFERRED** to United States Magistrate Judge Clifford J. Proud for a decision.

Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 5) will be addressed in a separate order.

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall, within thirty (30) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.12
05:16:36 -05'00'
_____
**U.S. District Judge**