IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD HOLMAN, <br> No. N-06132, <br><br> Petitioner, <br><br> vs. <br><br> TERI KENNEDY, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 18-cv-1195-DRH <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Richard Holman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), challenging his life sentence on the basis that the sentencing proceeding violated his Eighth Amendment rights by failing to consider the criteria set forth in *Miller v. Alabama*, 567 U.S. 461 (2012). *Miller* held that a mandatory life sentence without the possibility of parole violates the Eighth Amendment when it is imposed for a crime committed when the defendant was a juvenile. Now before the Court is Respondent's Motion to Dismiss Habeas Corpus Petition as Successive. (Doc. 12). Holman responded to the motion at Docs. 14 and 15.

Also before the Court is Holman's motion for recruitment of counsel. (Doc. 4).

1

## Relevant Facts and Procedural History

In March 1981, Holman was convicted of murder following a jury trial in Madison County, Case No. 80-CF-5. At the time the crime was committed, Holman was 17 years of age. Holman's conviction was affirmed on appeal. *People v. Holman*, 450 N.E.2d 432 (Ill. App. 1983). The Illinois Supreme Court denied his petition for leave to appeal, and he did not seek review by the United States Supreme Court. (Doc. 1, p. 3).

In 1985, Holman sought federal habeas corpus relief pursuant to 28 U.S.C. § 2254 in the Northern District of Illinois. *Holman v. O'Leary*, Case No. 85-C-9936; (Doc. 12-1). The petition was denied by the district court on September 25, 2001. (Doc. 12-1, p. 4, d/e 132). On November 26, 2001, the Seventh Circuit denied Holman's request for a certificate of probable cause. *Holman v. O'Leary*, Appeal No. 91-3345; (Doc. 12-2, p. 4). The United States Supreme Court denied certiorari. (Doc. 12-2, p. 4).

Holman made two unsuccessful attempts to obtain post-conviction relief in state court in 2001. (Doc. 1, p. 11). In October 2010, he sought leave to file a third state petition for post-conviction relief; the trial court denied leave to bring that petition and Holman appealed. (Doc. 1, pp. 28-29). The Illinois Appellate Court, Fifth District, rejected Holman's attempt to bring a claim based on *Miller v. Alabama*, 567 U.S. 461 (2012), because it was raised for the first time on appeal. (Doc. 1, p. 29); *People v. Holman*, 2012 IL App. (5th) 100587-U, ¶ 18. However, in 2015, the Illinois Supreme Court directed the Illinois Appellate Court to

reconsider its decision against Holman in light of *People v. Davis*, 6 N.E.3d 709 (2014) (applying *Miller* in collateral attack on mandatory life sentence for juvenile, and remanding for new sentencing hearing). *People v. Holman*, No. 115597 (Jan. 28, 2015).

The appellate court considered Holman's *Miller* arguments on remand, finding that while the sentencing proceeding took place long before the *Miller* decision, the trial court adequately took into account the relevant factors in arriving at Holman's life sentence. Further, the sentencing court was aware of sentencing options other than life imprisonment. *People v. Holman*, 2016 IL App (5th) 100587-B, 58 N.E.3d 632 (Ill. App., March 3, 2016). The Illinois Supreme Court granted Holman's petition for leave to appeal, and on September 21, 2017, affirmed the appellate court's disposition. *People v. Holman*, 2017 IL 120655, 91 N.E.3d 849 (Ill. 2017). The Supreme Court denied certiorari on January 22, 2018. *Holman v. Illinois*, 138 S. Ct. 937 (2018).

Holman filed the instant Petition on June 4, 2018.

### **Grounds for Habeas Relief**

As he did in the most recent post-conviction proceeding in state court, Holman relies on *Miller v. Alabama*. He asserts that the state court rulings were contrary to, and amounted to an unreasonable application of, the clearly established federal law in *Miller* regarding the constitutionality of sentencing a juvenile to life imprisonment. (Doc. 14, p. 2). He argues that he is entitled to pursue this claim because *Miller* represents a new rule of constitutional law that

3

was unavailable to him in 1985 when he filed his first § 2254 petition. (Doc. 14, p. 1).

## Motion to Dismiss

Respondent argues that the instant Petition represents an unauthorized second/successive collateral attack on Holman's conviction, because he failed to seek or obtain authorization to file it from the Seventh Circuit. (Doc. 12).

## Applicable Legal Standards

A person convicted in state court is generally limited to filing only one petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(b)(1) provides that "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." However, a second or successive petition may be filed asserting certain types of claims that have not been previously presented:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Before filing a second or successive petition asserting a § 2244(b) claim, a petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).

The district court is without jurisdiction to entertain a second or successive petition that has been filed without the authorization of the court of appeals. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007); *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.").

## Analysis

Respondent contends that the instant Petition is successive, because Holman's 1985 federal habeas petition, challenging the same Madison County judgment, was denied on the merits. (Doc. 12, p. 2). Respondent requests dismissal of this action because Holman did not seek or obtain authorization from the United States Court of Appeals, Seventh Circuit, before he filed the instant habeas Petition. *Id.*

Holman does not claim to have sought or obtained leave to file the instant action from the Seventh Circuit, but replies that the claim herein is cognizable because it relies on a new rule of constitutional law that was unavailable to him in 1985, and that the Supreme Court has made retroactive to cases on collateral review. (Doc. 14, p. 1). He further asserts that the Antiterrorism and Effective

Death Penalty Act ("AEDPA") of 1996 "is not retroactive to petitioner's 1985 federal habeas corpus application." (Doc. 14, p. 2).

Holman's interpretation of the application of the AEDPA is incorrect. The Seventh Circuit rejected this very argument – that the restriction on successive habeas actions should apply only to a petition that is successive to an earlier petition which was filed after the AEDPA's effective date – in a 1998 opinion. *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). The court held that the AEDPA "applies to all motions filed after its effective date . . . unless the movant had reasonably relied on the previous law in holding back a ground presented in the successive motion." *Davenport*, 147 F.3d at 608 (citing *Alexander v. United States*, 121 F.3d 312, 314-15 (7th Cir. 1997); *Burris v. Parke*, 95 F.3d 465 (7th Cir. 1996) (en banc)). The exception for reliance on previous law is not at issue in Holman's case. Further, a subsequent habeas petition based on a new constitutional law decision that could not have been invoked in the first habeas petition is nonetheless subject to the limitations in § 2244(b)(2) on bringing a second/successive petition. *In re Page*, 179 F.3d 1024, 1024-26 (7th Cir. 1999).

Holman may have a viable habeas claim under 28 U.S.C. § 2244(b)(2)(A) based on *Miller v. Alabama*, 567 U.S. 461 (2012). But that is for the Seventh Circuit to decide in the first instance, under the provisions of § 2244(b)(3)(A), because the instant Petition is successive to Holman's 1985 federal habeas application. This Court is without jurisdiction to decide this question or to

6

entertain the Petition in the absence of prior authorization from the appellate court. Accordingly, the Petition must be dismissed pursuant to § 2244(b)(2).

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a COA to issue.

Here, it is clear that this Court is without jurisdiction to entertain Holman's Petition because it is a second or successive petition filed without the authorization of the Court of Appeals. No reasonable jurist would find the issue debatable. Accordingly, the Court denies a certificate of appealability.

Should Holman seek to appeal the dismissal of this case, he must seek a certificate of appealability from the Seventh Circuit, pursuant to Federal Rule of Appellate Procedure 22(b).

## **Disposition**

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 12) is **GRANTED**. Holman's Motion for Recruitment of Counsel (Doc. 4) is **DENIED AS MOOT**.

Holman's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** for lack of jurisdiction. This action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court shall enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

Judge Herndon
2018.11.02
15:51:56 -05'00'

**United States District Judge**